| | |
|---|---|
| 1 | VENKAT BALASUBRAMANI (SBN 189192) |
| | venkat@focallaw.com |
| 2 | STACIA N. LAY (admitted *pro hac vice*) |
| | stacia@focallaw.com |
| 3 | FOCAL PLLC |
| | 900 1st Avenue S., Suite 201 |
| 4 | Seattle, Washington 98134 |
| | Telephone:  (206) 529-4827 |
| 5 | Facsimile:   (206) 260-3966 |
| 6 | JORDAN RAPHAEL (SBN 252344) |
| | jraphael@byronraphael.com |
| 7 | BYRON RAPHAEL LLP |
| | 1055 West 7th Street, Suite 3300 |
| 8 | Los Angeles, CA  90017 |
| | Telephone:  (213) 291-9800 |
| 9 | Facsimile:   (213) 377-5771 |
| 10 | Attorneys for Plaintiff |
| | PUSHEEN CORPORATION |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUSHEEN CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>MINISO DEPOT CA, INC., a California corporation; and USA MINISO DEPOT INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:20-cv-01400 FMO (GJSx)<br><br>PERMANENT INJUNCTION AGAINST DEFENDANTS MINISO DEPOT CA, INC. AND USA MINISO DEPOT INC.<br><br>Complaint filed: February 12, 2020 |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

## FINDINGS AND CONCLUSION

1. This is an action brought by Plaintiff Pusheen Corporation ("Pusheen Corp.") against Defendants Miniso Depot CA, Inc. ("Miniso Depot CA") and USA Miniso Depot Inc. ("USA Miniso Depot") (collectively, "Defendants" or "Miniso"), in which Pusheen Corp. alleges that certain merchandise created, manufactured, distributed and/or sold by Miniso infringed on Pusheen's copyrighted "Pusheen the cat" character and copyrighted works embodying that character.

2. Defendants do not admit to liability with regards to the creation, manufacturing, distribution and/or sale of any merchandise infringing on Pusheen's copyrighted "Pusheen the cat" character or any copyrighted works embodying that character.

3. The Court has original subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court under 28 U.S.C. § 1391(b).

4. The parties have resolved this lawsuit and, without any admission of liability or fault, have stipulated to entry of the following Permanent Injunction against Defendants.

## INJUNCTION

1. For purposes of this Permanent Injunction, the following definitions apply:

(a) "Copyrighted Work" shall mean any work, or portion thereof, whether now in existence or later created, in which Pusheen Corp., or a parent, subsidiary or affiliate of Pusheen Corp., owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq.* as it relates to "Pusheen the cat."

(b) "Infringing Work" shall mean any unauthorized scan, copy,

reproduction, counterfeit, derivative work or other colorable imitation of a Copyrighted Work, or any part thereof.

  (c) "Days" means calendar days, unless otherwise specified.

 2. Defendants and their agents, servants, employees, assigns, and all those in active concert or participation with any of them ("Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise are ORDERED and ENJOINED as follows:

  (a) Effective immediately upon entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Work, either directly or contributorily, including generally but not limited to, by copying, reproducing, displaying, promoting, marketing, advertising, offering for sale or otherwise disposing of or distributing any Infringing Work.

  (b) Effective immediately upon entry of this Permanent Injunction, the Enjoined Parties shall cease any and all distribution, marketing, advertising, or other promotional activity with respect to any Infringing Work.

  (c) Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from inducing, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any Copyrighted Work.

  (d) Within seven (7) business days of the entry of this Permanent Injunction, the Enjoined Parties shall remove all advertisements or online promotion for any Infringing Work.

  (e) Within thirty (30) days of the entry of this Permanent Injunction, the Enjoined Parties shall destroy each and every piece of Infringing Work that is in their possession, custody or control.

  (f) Within thirty (30) days of the entry of this Permanent Injunction, the Enjoined Parties shall provide an affidavit to Pusheen Corp., signed under penalty of perjury, certifying that to the extent that any Infringing Work

exists in their possession, custody or control, they have complied with the removal and destruction of any Infringing Work as ordered herein.

3. If Pusheen Corp. believes that Defendants have violated any provision of this Permanent Injunction, Pusheen Corp. will provide Defendants with written notice of the alleged violation and Defendants will have five (5) business days after receipt of the notice to cure the alleged violation. If the alleged violation is not cured by the expiration of this 5-day period, Pusheen Corp. may pursue any and all actions and relief in connection with the alleged violation.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

Dated this 17th day of February, 2021.

/s/
Fernando M. Olguin
United States District Judge